Theresa H.
Phillips
vs. }  W.C.A.No.611
Centredale Worsted
Mills

March 5, 1926.

TANNER, P. J. This is a petition for compensation under the Workmen's Compensation Act.

The petitioner struck her leg against a portion of the machine which she was operating. While she suffered some temporary pain and discomfort at the time, she did not find out that she was seriously injured until three weeks thereafter. She did not give written notice of said accident to her employers but on September 28th, within thirty days after the accident, she reported the accident to her employers and was directed by them to seek medical advice. Such direction, we think, would be in the nature of a waiver of notice upon the part of the employers. At any rate, we think that a failure to give notice under such circumstances would amount to the accident or mistake named in the statute as an excuse for not giving written notice under the liberal construction of the words "accident or mistake" in the case of Donahue vs. Sherman Sons Co., 39 R. I. 373. The petitioner might naturally think that, having orally reported the accident and having been told by her employers to go to a doctor, she was excused from giving written notice and that failure to do so might well be considered an accident or mistake. We think that the petitioner may be excused from not having stopped work to give her leg complete rest until the 17th of October, so that the first period of compensation may be extended to that time. The time from the 17th of October until she actually did stop work should be excluded. She should be further compensated from the time that she actually stopped work until two weeks after the 23rd of February, the 23rd of February being the time when her doctor says that she had completely recovered. We think she was justified in following the advice of her doctor on that point.

Compensation should be at the rate of $7 a week for the time indicated.

For Petitioner: E. H. Ziegler.

For Respondent: Greenlan, Tilley and Tetton.